**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH CULBRETH, as Independent | ) | |
| Administrator of the Estate of Charles Jones, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 6146 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, Illinois, a municipal | ) | Judge Dow |
| Corporation, Chicago Police Officers | ) | |
| ANTRINIUS ANDRES (11584) | ) | |
| JOSE A. RIVERA (14928); | ) | |
| MICHAEL R. RUCKER (18382), | ) | |
| BRIAN T. KENNEDY (1826), | ) | |
| EUGENE KLAMERUS (2032), | ) | |
| CHARLES E. GRAY (301), Chicago Police | ) | |
| Detention Aides J.D. RATTLER, LEO WILLIS, | ) | |
| TONY WORMLEY, and other UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS and | ) | |
| DETENTION AIDES, | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by Stephen R. Patton, Corporation Counsel for the

City of Chicago, hereby submits its answer to Plaintiff's First Amended Complaint, affirmative

defenses, and jury demand:

**INTRODUCTION**

1.      This is a civil action for damages arising out of the death of Plaintiff's decedent
CHARLES JONES who died while in the custody of the Chicago Police Department.

**ANSWER**:      The City admits that Plaintiff brought this civil action for damages in relation to

the death of the decedent, Charles Jones.  The City further admits that the decedent, Charles

Jones, died while in the custody of the Chicago Police Department.  The City denies that the

decedent was deprived of his constitutional rights and denies any wrongdoing.

1

2.      For a significant period of time, while the decedent was in Chicago Police custody at the Chicago Police Third District police station, the decedent was suffering from a serious and obvious illness of which the Defendants were aware, but did nothing about, and refused and denied the decedent CHARLES JONES needed medical care while in the Defendants' custody.

**ANSWER**:     On information and belief, the City denies that the named individual defendants were aware or had any reason to be aware that the decedent, Charles Jones, was suffering from a serious and obvious illness, and therefore, denies the remaining allegations with respect to the named individual defendants.  The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

3.      The Defendants' refusal and denial of providing medical care to CHARLES JONES proximately caused CHARLES JONES to die on the floor of his holding cell in the Third District Chicago police station.

**ANSWER**:     On information and belief, the City denies that that the named individual defendants refused and denied the decedent, Charles Jones, medical care.  On information and belief, the City admits that Charles Jones died on the floor of his holding cell in the Third District Chicago police station.  The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

## PARTIES

4.      At the time of his death, decedent CHARLES JONES was a 56-year-old African American male and a detainee at Chicago Police Department. At all relevant times, decedent CHARLES JONES was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

**ANSWER**:     On information and belief, the City admits that at the time of his death, the decedent, Charles Jones, was a 56-year old African American male and detainee at the Chicago Police Department.  On information and belief, the City admits that at all relevant times, Charles Jones was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

5.    Plaintiff DEBORAH CULBRETH, is the decedent's aunt, and the duly appointed Independent Administrator of the decedent's estate. Plaintiff brings this action on behalf of the Estate of CHARLES JONES and the decedent's next of kin and heirs at law. At all relevant times, DEBORAH CULBRETH, was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

**ANSWER**:    The City lacks knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

6.    At all relevant times, Defendant Chicago police officers ANTRINIUS ANDREWS, JOSE A. RIVERA, MICHAEL R. RUCKER, BRIAN T. KENNEDY, EUGENE KLAMERUS and CHARLES E. GRAY were acting under color of state law and within the scope of their employment with Defendant CITY.

**ANSWER**:    The City admits the allegations contained in this paragraph.

7.    At all relevant times, Defendant Chicago Police Detention Aides J.D. RATTLER, LEO WILLIS and TONY WORIVLLEY were acting under color of state law and within the scope of their employment with Defendant CITY.

**ANSWER**:    The City admits the allegations contained in this paragraph.

8.    At all relevant times, Defendant UNKNOWN CHICAGO POLICE OFFICERS and DETENTION AIDES, were acting under color of state law and within the scope of their employment with Defendant CITY.

**ANSWER**: The City lacks knowledge or information sufficient to admit or deny the allegations

contained in this paragraph.

9.    Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the individual Defendants.

**ANSWER**:    The City admits that it is a municipal corporation, duly incorporated under the

laws of the State of Illinois.  The City further admits that it was at all relevant times, the

employer and principal of Antrinius Andres (11584), Jose A. Rivera (14928), Michael Rucker

(18382), Brian T. Kennedy (1826), Eugene Klamerus (2032), Charles E. Gray (301), and

Chicago Detention Aides J.D. Rattler, Leo Willis, and Tony Wormley.  The City lacks

knowledge or information sufficient to admit or deny the remaining allegations contained in this

paragraph.

## **FACTS**

10.     On August 22, 2015 at approximately 3:30 p.m., the decedent CHARLES JONES presented himself to the Third District Chicago Police Department to turn himself in on an outstanding warrant.

**ANSWER**:     On information and belief, the City admits that on August 22, 2015 at

approximately 3:45 p.m., the decedent, Charles Jones, presented himself to the Third District

Chicago Police Station to turn himself in on an outstanding warrant.

11.     On August 22, 2015, at approximately 3:30 p.m., the decedent CHARLES JONES was accompanied by a family friend to the Third District Chicago Police Department.

**ANSWER**:     On information and belief, the City admits that on August 22, 2015 at

approximately 3:45 p.m., the decedent, Charles Jones, presented himself to the Third District

Chicago Police Station to turn himself in on an outstanding warrant.  The City lacks knowledge

or information sufficient to admit or deny the remaining allegations contained in this paragraph.

12.     On August 22, 2015, at approximately 3:30 p.m., decedent CHARLES JONES informed one or more of the Defendant Officers present that he was suffering from multiple medical conditions and he needed medical attention.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

13.     On August 22, 2015, at approximately 3:30 p.m., decedent's family friend informed one or more of the Defendant Officers present at the Third District police station that decedent CHARLES JONES required immediate medical attention.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

14.    On August 22, 2015, decedent CHARLES JONES was suffering from obvious physical pain and symptoms, which included severe swelling of the feet, and lower limbs, and serious abdominal pain.

**ANSWER**:    On information and belief, the City denies that the named individual defendants were aware or had any reason to be aware that the decedent, Charles Jones, was suffering from physical pain and symptoms, and therefore, denies the remaining allegations with respect to the named individual defendants.  The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

15.    On August 22, 2015 and continuing into the morning of August 23, 2015, the Defendant OFFICERS and AIDES present at the Third District police station refused the decedent CHARLES JONES requests for medical attention and failed to provide medical attention to the decedent.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph with respect to the named individual defendants.  The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

16.    On August 22, 2015 and continuing into the morning of August 23, 2015, the Defendant OFFICERS and AIDES present at the Third District Chicago police station ignored the obvious and visible signs that the decedent CHARLES JONES was suffering from a serious medical condition and never brought CHARLES JONES to a hospital, sought medical attention for him, or rendered or attempted to render medical aide to him.

**ANSWER**:    On information and belief, the City denies that the named individual defendants were aware or had any reason to be aware that the decedent, Charles Jones, was suffering from a medical condition.  On information and belief, the City further denies that the named individual defendants never sought medical attention for the decedent, Charles Jones.  The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

17.    On August 22, 2015 and continuing to the morning of August 23, 2015, the Defendant OFFICERS and AIDES confined decedent CHARLES JONES to a holding cell in the Third District Chicago police station.

5

**ANSWER**:     On information and belief, the City admits the allegations contained in this

paragraph.

18.     On August 22, 2015 and continuing to the morning of August 23, 2015, decedent
CHARLES JONES requested medical care while in the Third District holding cell.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph.

19.     On August 22, 2015 and continuing to the morning of August 23, 2015, decedent
CHARLES JONES'S physical condition visibly deteriorated.

**ANSWER**:     On information and belief, the City denies that the named individual defendants

were aware or had any reason to be aware that the decedent, Charles Jones, was suffering from

an illness or a medical condition.  The City lacks knowledge or information sufficient to admit or

deny the remaining allegations contained in this paragraph.

20.     At no time on August 22, 2015, did Defendant OFFICERS or AIDES seek
medical attention for decedent CHARLES JONES.

**ANSWER**:     On information and belief, the City admits the allegations contained in this

paragraph.

21.     At no time on August 22, 2015, did decedent CHARLES JONES receive medical
attention.

**ANSWER**:     On information and belief, the City admits the allegations contained in this

paragraph.

22.     At no time on August 23, 2015, did Defendant OFFICERS and AIDES seek
medical attention for decedent CHARLES JONES.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph.

23.     At no time on August 23, 2015, did decedent CHARLES JONES receive medical
attention.

6

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph.

24.     The acts or omissions of DEFENDANT OFFICERS and AIDES in failing to provide medical aid and attention to decedent CHARLES JONES exacerbated his illness and prolonged his physical and emotional pain and suffering.

**ANSWER**:     On information and belief, the City denies that the named individual defendants

were aware or had any reason to be aware that the decedent, Charles Jones, was suffering from

an illness.  The City lacks knowledge or information sufficient to admit or deny the remaining

allegations contained in this paragraph.

25.     On the morning of August 23, 2015, one or more of the Defendant OFFICERS and/or DETENTION AIDES discovered decedent CHARLES JONES dead on the floor of a Third District holding cell.

**ANSWER**:     On information and belief, the City admits that the decedent, Charles Jones, was

found unresponsive on the floor of a Third District holding cell.  On information and belief, the

City further admits that shortly thereafter the decedent, Charles Jones, was pronounced dead.

The City lacks knowledge or information sufficient to admit or deny the remaining allegations

contained in this paragraph.

26.     DEFENDANTS' acts and omissions in failing to provide medical care to decedent CHARLES JONES constituted willful and wanton misconduct, was objectively unreasonable under the circumstances, and showed deliberate indifference to the health, safety, and well-being of the decedent while in the Defendants' custody.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

27.     Defendants KENNEDY, KLAMERUS and GRAY are Chicago Police Sergeants and were, on information and belief, responsible for the supervision of the lock-up at the Third District police station while decedent was being detained there.

**ANSWER**:      The City admits that Defendants Kennedy, Klamerus, and Gray are Chicago

Police Sergeants and that they have general supervisory duties in that capacity.  The City lacks

knowledge or information sufficient to admit or deny the remaining allegations contained in this

paragraph.

<u>COUNT I</u>
**(42 U.S.C. §1983- Failure to Provide Medical Care)**

28.     Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER**:     The City reincorporates its answers to the preceding paragraphs as if restated

here.

29.     Defendants' failure to provide CHARLES JONES with medical care was
objectively unreasonable under the circumstances, in violation of the Fourth Amendment to the
United States Constitution.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

30.     By failing to obtain medical treatment for decedent despite their knowledge that
decedent CHARLES JONES was suffering from a serious illness, and despite his requests for
medical treatment, Defendants were deliberately indifferent to decedent CHARLES JONES'
health and safety.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

31.     As more fully described above, Defendants' misconduct resulted in severe
physical and emotional harm to, and the ultimate death of, decedent CHARLES JONES.

**ANSWER**:     On information and belief, the City denies that the named individual defendants

committed any misconduct, and therefore, denies the remaining allegations contained in this

paragraph with respect to the named individual defendants. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

32.     As a result of Defendants' acts or omissions, decedent suffered severe physical and emotional damages, and ultimately death and his estate incurred funeral and burial expenses.

**ANSWER**:    On information and belief, the City denies the allegations contained in this paragraph with respect to the named individual defendants. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

<u>**COUNT II**</u>
**(42 U.S.C. Sec. 1983, Supervisory Liability)**

33.     Plaintiff re-alleges the preceding paragraphs as if fully restated here

**ANSWER**:    The City reincorporates its answers to the preceding paragraphs as if restated here.

34.     As described above, Defendants KENNEDY, KLAMERUS, and GRAY were present during decedents' detention at the Third District Police Station and were responsible for supervising personnel working in the lock-up.

**ANSWER**:    The City admits that Defendants Kennedy, Klamerus, and Gray are Chicago Police Sergeants and that they have general supervisory duties in that capacity. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

35.     Defendants KENNEDY, KLAMERUS, and GRAY are Chicago police Sergeants, and it was their responsibility to supervise the conduct of the other Defendant OFFICERS and AIDES.

**ANSWER**:    The City admits that Defendants Kennedy, Klamerus, and Gray are Chicago Police Sergeants and that they have general supervisory duties in that capacity. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

36.     Rather than properly supervising the other Defendant OFFICERS and AIDES, Defendants KENNEDY, ICLAMERUS, and GRAY condoned their unlawful behavior towards decedent.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph.

37.     As a direct result of Defendants KENNEDY, KLAMERUS, and GRAY's failure to supervise the other Defendant OFFICERS and AIDES, decedent suffered physically and emotionally and died and his estate incurred funeral and burial expenses.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph.

### COUNT III
### (42 U.S.C. §1983, Policy Claim)

38.     Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER**:     The City reincorporates its answers to the preceding paragraphs as if restated

here.

39.     The constitutional violations detailed above were caused in part by the customs, policies, and widespread practices of the Defendant CITY via the Chicago Police Department's failure to provide detainees with necessary medical care.

**ANSWER**:     On information and belief, the City denies that the the decedent's constitutional

rights were violated.  The City denies the remaining allegations contained in this paragraph.

40.     These policy failures include: (1) fostering an atmosphere in Chicago Police department lock-up facilities where lock-up personnel are permitted to disregard and ignore detainees medical needs and requests for medical attention; (2) failing to ensure that serious medical needs of detainees are treated in a reasonable time frame; (3) failing to conduct adequate assessments and evaluations of a detainee's health problems; and (4) failing to have sufficient policies for monitoring detainees; (5) failing to maintain sufficient practices to provide medical care for detainees; and (6) failing to train employees to recognize and address serious medical problems of detainees.

**ANSWER**:     The City denies the allegations contained in this paragraph.

41.     Defendant CITY has long been aware that failing to provide adequate and timely treatment to detainees experiencing serious medical issues is unconstitutional. The CITY has

been responsible for defending many similar lawsuits and for paying prior settlements and judgments relating to serious medical issues that were ignored by City employees working in Chicago Police lock up facilities.

**ANSWER**:    The City denies that Plaintiff has accurately and fully stated the law with regard to

its obligations to provide medical care to detainees.  The City further denies the remaining

allegations contained in this paragraph.

42.    As a direct result of the City's unconstitutional practices and policies, CHARLES JONES experienced severe pain and suffering and ultimately death, and his estate incurred funeral and burial expenses.

**ANSWER**:    The City denies the allegations contained in this paragraph.

## COUNT IV
### (740 ILCS 180/1 et seq., Illinois Wrongful Death)

43.    Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER**:    The City reincorporates its answers to the preceding paragraphs as if restated

here.

44.    At all relevant times, Defendant OFFICERS and AIDES owed decedent CHARLES JONES a duty to refrain from wanton and willful acts and omissions, which could cause him harm.

**ANSWER**:    The City admits the allegations contained in this paragraph.  The City denies that

the named individual defendants committed any wrongdoing.

45.    Defendant OFFICERS and AIDES breached their duty to decedent CHARLES JONES by willfully and wantonly refusing to obtain medical care for him despite the fact that they were aware of his serious illness, his requests for medical attention, and that they had opportunities to obtain medical care for CHARLES JONES before he died.

**ANSWER**:    On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

46.    Defendants' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of decedent CHARLES JONES.

11

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

47.     As a direct and proximate result of the willful and wanton acts and/or omissions of Defendants, the decedent CHARLES JONES died.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

48.     Decedent CHARLES JONES, is survived by his seven adult siblings.

**ANSWER**:     The City lacks knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

49.     By reason of the death of decedent, decedent's heirs have suffered pecuniary damages, including grief, and the loss of comfort, love, affection, protection and society of the decedent.

**ANSWER**:     The City lacks knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

50.     Illinois law provides that public entities, such as Defendant CITY, are directed to pay compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER**:     The City denies the allegations contained in this paragraph because these

allegations contain an incomplete, and/or inaccurate statement of the law.

51.     At all relevant times, Defendant OFFICERS and AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY OF CHICAGO, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS and AIDES.

**ANSWER**:     The City admits that it was at all relevant times, Antrinius Andres (11584), Jose

A. Rivera (14928), Michael Rucker (18382), Brian T. Kennedy (1826), Eugene Klamerus

(2032), Charles E. Gray (301), and Chicago Detention Aides J.D. Rattler, Leo Willis, and Tony Wormley were employees of the Chicago Police Department and were acting within the scope of their employment. The City denies that these defendants committed any wrongdoing, and therefore, denies the remaining allegations contained in this paragraph with respect to these defendants. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

## COUNT V
### (755 ILCS 5/27-6-Illinois Survival Claim)

52.     Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER**:     The City reincorporates its answers to the preceding paragraphs as if restated here.

53.     As more fully alleged in the preceding counts, decedent CHARLES JONES survived and was conscious for a significant period of time before his death. On information and belief, during this time period while he was in Defendants' custody, he suffered damages due to the willful misconduct of Defendants including great pain and agony and emotional suffering as a direct and proximate result of Defendants' willful and wanton misconduct.

**ANSWER**:     On information and belief, the City denies that the named individual defendants committed any misconduct, and therefore, denies the remaining allegations with respect to these defendants. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

54.     Defendants' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of decedent CHARLES JONES.

**ANSWER**:     On information and belief, the City denies the allegations contained in this paragraph with respect to the named individual defendants. The City lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

55.     That decedent CHARLES JONES' physical and emotional damages prior to his death and while in Defendants' custody were directly and proximately caused by the Defendants' willful and wanton acts and/or omissions.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants.  The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

56.     Plaintiff, as the duly appointed Independent Administrator of decedent's estate, maintains the statutory and common law causes of actions alleged in this complaint for the benefit of the estate and the surviving heirs of decedent, which occurred prior to decedent's death.

**ANSWER**:     The City denies that the decedent was deprived of his constitutional rights and

denies any wrongdoing.  The City lacks knowledge or information sufficient to admit or deny the

remaining allegations contained in this paragraph.

57.     Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER**:     The City denies the allegations contained in this paragraph because these

allegations contain an incomplete, and/or inaccurate statement of the law.

58.     At all relevant times, Defendant OFFICERS and AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS and AIDES.

**ANSWER**:     The City admits that at all relevant times, Antrinius Andres (11584), Jose A.

Rivera (14928), Michael Rucker (18382), Brian T. Kennedy (1826), Eugene Klamerus (2032),

Charles E. Gray (301), and Chicago Detention Aides J.D. Rattler, Leo Willis, and Tony

Wormley were employees of the Chicago Police Department and were acting within the scope of

their employment.  The City denies that these defendants committed any wrongdoing, and

therefore, denies the remaining allegations contained in this paragraph with respect to these

14

defendants. The City lacks knowledge or information sufficient to admit or deny the remaining

allegations contained in this paragraph.

<u>**COUNT VI**</u>
**(Illinois Common Law Intentional Infliction of Emotional Distress)**

59.     Plaintiff re-alleges the preceding paragraphs as if fully restated here.

**ANSWER**:     The City reincorporates its answers to the preceding paragraphs as if restated

here.

60.     By denying CHARLES JONES medical care for a grave and serious illness,
Defendants wantonly and willfully caused decedent CHARLES JONES to suffer severe
emotional distress before his death.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants. The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

61.     Defendants knew or should have known that their acts or omissions would cause
decedent CHARLES JONES to suffer severe emotional distress until he died.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants. The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

62.     As a direct and proximate result of Defendants' acts or omissions, CHARLES
JONES suffered severe emotional distress and suffering prior to his death.

**ANSWER**:     On information and belief, the City denies the allegations contained in this

paragraph with respect to the named individual defendants. The City lacks knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

63.     Illinois law provides that public entities, such as Defendant CITY, must
indemnify its employee for compensatory damages on a tort judgment when that employee was
acting within the scope of his or her employment

**ANSWER**:    The City denies the allegations contained in this paragraph because these

allegations contain an incomplete, and/or inaccurate statement of the law.

64.    At all relevant times, Defendant OFFICERS and AIDES were agents of
Defendant CITY and employees of the Chicago Police Department acting within the scope of
their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its
agents, Defendant OFFICERS and AIDES.

**ANSWER**:    The City admits that at all relevant times, Antrinius Andres (11584), Jose A.

Rivera (14928), Michael Rucker (18382), Brian T. Kennedy (1826), Eugene Klamerus (2032),

Charles E. Gray (301), and Chicago Detention Aides J.D. Rattler, Leo Willis, and Tony

Wormley were employees of the Chicago Police Department and were acting within the scope of

their employment.  The City denies that these defendants committed any wrongdoing, and

therefore, denies the remaining allegations contained in this paragraph with respect to these

defendants.  The City lacks knowledge or information sufficient to admit or deny the remaining

allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

1.    Defendant City is not liable to Plaintiff if its employees or agents are not liable to

the Plaintiff (for neither state claims, 745 ILCS 10/2-109 (2010); nor for federal claims, *City of*

*Los Angeles v. Heller*, 475 U.S. 796, 799 (1989)).

2.    To the extent any employee or agent of Defendant City was acting within the

scope of his or her employment, that employee or agent is not liable for his or her acts or

omissions in the execution or enforcement of the law, unless such act or omission constitutes

willful and wanton conduct.  745 ILCS 10/2-202 (2010).

3.    Defendant City is not liable for any injury caused by the act or omission of

another person. 745 ILCS 10/2-204 (2010).

4.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-1-2 (2010).

5.      Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (2010).

6.      To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## **JURY DEMAND**

The City requests a trial by jury for all issues so triable.

Respectfully submitted,

By:     /s/ Lindsey Vanorny
        Assistant Corporation Counsel
        Attorney for City of Chicago
        30 North LaSalle Street, Suite 900
        Chicago, Illinois 60602
        (312) 742-0234
        Attorney No. 6303642