IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEBORAH CULBRETH as Independent Administrator of the Estate of Charles Jones, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | 16 CV 6146 |
| The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago Police Officers ANTRINIUS ANDREWS (11584), JOSE A. RIVERA (14928), MICHAEL R. RUCKER (18382), BRIAN T. KENNEDY (1826), EUGENE KLAMERUS (2032), CHARLES E., GRAY (301), RONALD BURRELL JR. (9680), BEVERLY GLINSEY (14245), JILL JOHNSON (13160), STEVEN SMITH (10153), Chicago Police Detention Aides TONY WORMLEY, JOHN RATTLER, LEO WILLIS, FREDERICK L. JACKSON, and RODNEY JACKSON, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge DOW<br><br>Magistrate Judge VALDEZ |
| Defendants. ) | |

**THIRD AMENDED COMPLAINT**

Plaintiff, DEBORAH CULBRETH, as Independent Administrator of the Estate of CHARLES JONES, deceased, by and through her attorneys, Jeffrey B. Granich and Torreya L. Hamilton, makes the following complaint against defendants, CITY OF CHICAGO, Illinois, ("Defendant City"), Chicago Police Officers ANTRINIUS ANDREWS, JOSE A. RIVERA, MICHAEL R. RUCKER, BRIAN T. KENNEDY, EUGENE KLAMERUS, CHARLES E. GRAY, RONALD BURRELL JR., BEVERLY GLINSEY, JILL JOHNSON, and STEVEN SMITH, ("Defendant Officers"); and Chicago Police Detention Aides JOHN RATTLER, LEO WILLIS, TONY WORMLEY, FREDERICK L. JACKSON, and RODNEY JACKSON ("Defendant Aides"), as follows:

**INTRODUCTION**

1

1. This is a civil action for damages arising out of the death of Plaintiff's decedent CHARLES JONES who died while in the custody of the Chicago Police Department.

2. For a significant period of time, while the decedent was in Chicago Police custody at the Chicago Police Third District police station, the decedent was suffering from a serious and obvious illness of which the Defendants were aware, but which they ignored, refusing and denying the decedent CHARLES JONES needed medical care while in Defendants' custody.

3. The Defendants' refusal and denial of providing medical care to CHARLES JONES proximately caused CHARLES JONES to die on the floor of his holding cell in the Third District Chicago police station.

## PARTIES

4. At the time of his death, decedent CHARLES JONES was a 56-year-old African American male and a detainee at Chicago Police Department. At all relevant times, decedent CHARLES JONES was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

5. Plaintiff DEBORAH CULBRETH, is the decedent's aunt, and the duly appointed Independent Administrator of the decedent's estate. Plaintiff brings this action on behalf of the Estate of CHARLES JONES and the decedent's next of kin and heirs at law. At all relevant times, DEBORAH CULBRETH, was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

6. At all relevant times, Defendant Chicago police officers ANTRINIUS ANDREWS, JOSE A. RIVERA, MICHAEL R. RUCKER, BRIAN T. KENNEDY, EUGENE KLAMERUS, CHARLES E. GRAY, RONALD BURRELL JR., BEVERLY GLINSEY, JILL JOHNSON, and STEVEN SMITH were acting under color of state law and within the scope of their employment with Defendant CITY.

7. At all relevant times, Defendant Chicago Police Detention Aides JOHN RATTLER, LEO WILLIS, TONY WORMLEY, FREDERICK L. JACKSON, and RODNEY JACKSON were acting under color of state law and within the scope of their employment with Defendant CITY.

8. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the individual Defendants.

**FACTS**

9. On August 22, 2015 at approximately 3:30 p.m., the decedent CHARLES JONES presented himself to the Third District Chicago Police Department to turn himself in on an outstanding warrant.

10. On August 22, 2015, at approximately 3:30 p.m., the decedent CHARLES JONES was accompanied by a family friend to the Third District Chicago Police Department.

11. On August 22, 2015, at approximately 3:30 p.m., decedent's family friend informed one or more of the Defendant Officers at the Third District police station that decedent CHARLES JONES required immediate medical attention.

12. Decedent CHARLES JONES informed one or more of the Defendant Officers that he needed medical attention.

13. Decedent CHARLES JONES was suffering from obvious physical pain and symptoms, which included severe swelling of the feet, and lower limbs, and serious abdominal pain.

14. On August 22, 2015 and continuing into the morning of August 23, 2015, the Defendant OFFICERS and AIDES present at the Third District police station refused the decedent CHARLES JONES requests for medical attention and failed to provide medical attention to the decedent.

15. On August 22, 2015 and continuing into the morning of August 23, 2015, the Defendant OFFICERS and AIDES present at the Third District Chicago police station ignored the obvious and visible signs that the decedent CHARLES JONES was suffering from a serious medical condition and never brought CHARLES JONES to a hospital, sought medical attention for him, or rendered or attempted to render medical aide to him.

16. On August 22, 2015 and continuing to the morning of August 23, 2015, the Defendant OFFICERS and AIDES confined decedent CHARLES JONES to a holding cell in the Third District Chicago police station.

17. Decedent CHARLES JONES requested medical care while in the Third District holding cell.

18. On August 22, 2015 and continuing to the morning of August 23, 2015, decedent CHARLES JONES'S physical condition visibly deteriorated.

19. At no time did Defendant OFFICERS or AIDES seek medical attention for decedent CHARLES JONES.

20. At no time while in the custody of the Chicago Police Department, did decedent CHARLES JONES receive medical attention.

21. At no time prior to his death, did Defendant OFFICERS and AIDES seek medical attention for decedent CHARLES JONES.

22. The acts or omissions of DEFENDANT OFFICERS and AIDES in failing to provide medical aid and attention to decedent CHARLES JONES exacerbated his illness and prolonged his physical and emotional pain and suffering.

23. On the morning of August 23, 2015, one or more of the Defendant OFFICERS and/or AIDES discovered decedent CHARLES JONES dead on the floor of a Third District holding cell.

24. DEFENDANTS' acts and omissions in failing to provide medical care to decedent CHARLES JONES constituted willful and wanton misconduct, was objectively unreasonable under the

circumstances, and showed deliberate indifference to the health, safety, and well being of the decedent while in the Defendants' custody.

25. Defendants KENNEDY, KLAMERUS and GRAY are Chicago Police Sergeants and were, on information and belief, responsible for the supervision of the lock-up at the Third District police station while decedent was being detained there.

## COUNT I
(42 U.S.C. §1983, Failure to Provide Medical Care)

26. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

27. Defendants' failure to provide CHARLES JONES with medical care was objectively unreasonable under the circumstances, in violation of the Fourth Amendment to the United States Constitution.

28. By failing to obtain medical treatment for decedent despite their knowledge that decedent CHARLES JONES was suffering from a serious illness, and despite his requests for medical treatment, Defendants were deliberately indifferent to decedent CHARLES JONES' health and safety.

29. As more fully described above, Defendants' misconduct resulted in severe physical and emotional harm to, and the ultimate death of, decedent CHARLES JONES.

30. As a result of Defendants' acts or omissions, decedent suffered severe physical and emotional damages, and ultimately death and his estate incurred funeral and burial expenses.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, jointly and severally, in an amount reasonable to compensate decedent's estate for the damages suffered by decedent, punitive damages against Defendant OFFICERS and AIDES, in addition to costs, reasonable attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983, Supervisory Liability)

5

31. Plaintiff re-alleges the preceding paragraphs as if fully restated here

32. As described above, Defendants KENNEDY, KLAMERUS, and GRAY were present during decedents' detention at the Third District Police Station and were responsible for supervising personnel working in the lock-up.

33. Defendants KENNEDY, KLAMERUS, and GRAY are Chicago police supervisors and it was their responsibility to oversee the conduct of the other Defendant OFFICERS and AIDES.

34. Rather than properly supervising the other Defendant OFFICERS and AIDES, Defendants KENNEDY, KLAMERUS, and GRAY condoned their unlawful behavior towards decedent.

35. As a direct result of Defendants KENNEDY, KLAMERUS, and GRAY's failure to supervise the other Defendant OFFICERS and AIDES, decedent suffered physically and emotionally and died, and his estate incurred funeral and burial expenses.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants KENNEDY, KLAMERUS, and GRAY in a fair and just amount sufficient to compensate decedent's estate them for decedent's damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT III
(42 U.S.C. §1983, Policy Claim)

36. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

37. The constitutional violations detailed above were caused in part by the customs, policies, and widespread practices of the Defendant CITY via the Chicago Police Department's failure to provide detainees with necessary medical care.

38. These policy failures include: (1) fostering an atmosphere in Chicago Police department lock-up facilities where lock-up personnel are permitted to disregard and ignore detainees medical needs and requests for medical attention; (2) failing to ensure that serious medical needs of detainees

6

are treated in a reasonable time frame; (3) failing to conduct adequate assessments and evaluations of a detainee's health problems; and (4) failing to have sufficient policies for monitoring detainees; (5) failing to maintain sufficient practices to provide medical care for detainees; and (6) failing to train employees to recognize and address serious medical problems of detainees.

39. Defendant CITY has long been aware that failing to provide adequate and timely treatment to detainees experiencing serious medial issues is unconstitutional. The CITY has been responsible for defending many similar lawsuits and for paying prior settlements and judgments relating to serious medical issues that were ignored by City employees working in Chicago Police lock up facilities.

40. As a direct result of the City's unconstitutional practices and policies, CHARLES JONES experienced severe pain and suffering and ultimately death, and his estate incurred funeral and burial expenses.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate Decedent's estate for his damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(740 ILCS 180/1 *et seq.*, Illinois Wrongful Death)

41. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

42. At all relevant times, Defendant OFFICERS and AIDES owed decedent CHARLES JONES a duty to refrain from wanton and willful acts and omissions, which could cause him harm.

43. Defendant OFFICERS and AIDES breached their duty to decedent CHARLES JONES by willfully and wantonly refusing to obtain medical care for him despite the fact that they were

aware of his serious illness, his requests for medical attention, and that they had opportunities to obtain medical care for CHARLES JONES before he died.

44. Defendants' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of decedent CHARLES JONES.

45. As a direct and proximate result of the willful and wanton acts and/or omissions of Defendants, the decedent CHARLES JONES died.

46. Decedent CHARLES JONES, is survived by his seven adult siblings.

47. By reason of the death of decedent, decedent's heirs have suffered pecuniary damages, including grief, and the loss of comfort, love, affection, protection and society of the decedent.

48. Illinois law provides that public entities, such as Defendant CITY, are directed to pay compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

49. At all relevant times, Defendant OFFICERS and AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY OF CHICAGO, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS and AIDES.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, jointly and severally, in an amount reasonable to compensate decedent's next of kin for the loss of decedent, as well as any other relief as is just and equitable.

## COUNT V
(755 ILCS 5/27-6, Illinois Survival Claim)

50. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

51. As more fully alleged in the preceding counts, decedent CHARLES JONES survived and was conscious for a significant period of time before his death. On information and belief, during

this time period while he was in Defendants' custody, he suffered damages due to the willful misconduct of Defendants including great pain and agony and emotional suffering as a direct and proximate result of Defendants' willful and wanton misconduct.

52. Defendants' acts and/or omissions, as more fully alleged above, constitute utter indifference or conscious disregard for the health and safety of decedent CHARLES JONES.

53. That decedent CHARLES JONES' physical and emotional damages prior to his death and while in Defendants' custody were directly and proximately caused by the Defendants' willful and wanton acts and/or omissions.

54. Plaintiff, as the duly appointed Independent Administrator of decedent's estate maintains the statutory and common law causes of actions alleged in this complaint for the benefit of the estate and the surviving heirs of decedent, which occurred prior to decedent's death.

55. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

56. At all relevant times, Defendant OFFICERS and AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS and AIDES.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, jointly and severally, in an amount reasonable to compensate decedent's estate for his damages, and such other relief as is just and equitable.

## COUNT VI
(Illinois Common Law Intentional Infliction of Emotional Distress)

57. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

58. By denying CHARLES JONES medical care for a grave and serious illness, Defendants wantonly and willfully caused decedent CHARLES JONES to suffer severe emotional distress before his death.

59. Defendants knew or should have known that their acts or omissions would cause decedent CHARLES JONES to suffer severe emotional distress until he died.

60. As a direct and proximate result of Defendants' acts or omissions, CHARLES JONES suffered severe emotional distress and suffering prior to his death.

61. Illinois law provides that public entities, such as Defendant CITY, must indemnify its employee for compensatory damages on a tort judgment when that employee was acting within the scope of his or her employment.

62. At all relevant times, Defendant OFFICERS and AIDES were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant OFFICERS and AIDES.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, jointly and severally, in an amount reasonable to compensate decedent's estate for decedent's damages, and such other relief as is just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

DEBORAH CULBRETH, as Independent Administrator of the Estate of CHARLES JONES, Plaintiff

By: */s Jeffrey B. Granich*
    One of Plaintiff's Attorneys

By: */s Torreya L. Hamilton*
    One of Plaintiff's Attorneys

10

Jeffrey B. Granich
Law Offices of Jeffrey Granich
53 W. Jackson Blvd., Suite 1028
Chicago, Illinois 60604
312.939.9009

Torreya L. Hamilton
The HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173