**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH CULBRETH, as Independent | ) | |
| Administrator of the Estate of Charles Jones, | ) | |
| | ) | Case No. 16-CV-6146 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's motion [85] for leave to file a fourth amended complaint ("FAC"). Defendants oppose the motion. For the following reasons, Plaintiff's motion [85] is granted in part and denied in part.

**I.     Background**

Plaintiff Deborah Culbreth ("Plaintiff") is the aunt and independent administrator for the estate of Charles Jones ("Jones"), who died while in the custody of Defendant the City of Chicago ("City"). Plaintiff originally filed this action in June 2016 in the Circuit Court of Cook County. See [1-1]. Since then, the action has been removed to federal court, see [1], and Plaintiff has amended her complaint twice without opposition, see [59], [61].

In her governing Third Amended Complaint ("TAC"), Plaintiff named as Defendants the City, Chicago Police Officers Antrinius Andrews, Jose Rivera, Michael Rucker, Brian Kennedy, Eugene Klamerus, Charles Gray, Ronald Burrell, Jr., Beverly Glinsey, Jill Johnson, and Steven Smith (the "Officers") and Chicago Police Detention Aides Tony Wormley, John Rattler, Leo

Willis, Frederick Jackson, and Rodney Jackson (the "Detention Aides") (collectively, "Defendants"). [61] at 1.

In the TAC, Plaintiff alleges that Jones was detained by the Third District Chicago Police Department on August 22 and 23, 2015. During this period, the Officers and Detention Aides refused Jones' requests for medical attention and failed to provide him with medical assistance. Plaintiff was found dead in his cell on the morning on August 23. [61] at 3-4. Among other claims, Plaintiff brings a *Monell* policy claim against the City under 42 U.S.C. § 1983 (Count III). Plaintiff alleges that the City's policy failures include "(1) fostering an atmosphere in Chicago Police department lock-up facilities where lock-up personnel are permitted to disregard and ignore detainees medical needs and requests for medical attention; (2) failing to ensure that serious medical needs of detainees are treated in a reasonable time frame; (3) failing to conduct adequate assessments and evaluations of a detainee's health problems; and (4) failing to have sufficient policies for monitoring detainees; (5) failing to maintain sufficient practices to provide medical care for detainees; and (6) failing to train employees to recognize and address serious medical problems of detainees." [61] at 6-7. Plaintiff's prayer for relief for the *Monell* claim seeks compensatory damages, court costs, attorneys' fees, and "such other relief as is just and equitable." [61] at 7.

In her proposed FAC, Plaintiff seeks to amend the prayer for relief in the *Monell* claim to add a specific request for declaratory and injunctive relief. Plaintiff also seeks to correct several references to the types of expenses that the estate incurred following Jones' death.

## II.     Legal Standard

A motion for leave to file an amended complaint should "freely" be granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal policy of granting amendments is

based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment,'" leave to amend should be granted. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002)).

## III.    Analysis

Defendants oppose Plaintiff's motion to file the FAC on the ground that she lacks standing to seek injunctive relief. Plaintiff responds that she has standing to seek injunctive relief because the FAC alleges "a continuing unconstitutional policy within the Chicago Police Department, which poses the threat of future harm" to Jones' next of kin, on whose behalf she brings suit. [98] at 3. Plaintiff alleges that should Jones' next of kin living in Chicago be arrested, they "could also be denied necessary medical care pursuant to the City's unconstitutional practices." *Id*.

To establish standing to seek injunctive relief, "plaintiffs must show that: (1) they are under threat of an actual and imminent injury in fact; (2) there is a causal relation between that injury and the conduct to be enjoined; and (3) it is likely, rather than speculative or hypothetical,

that a favorable judicial decision will prevent or redress that injury." *Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010).

The Court concludes that Plaintiff lacks standing to seek injunctive relief on the *Monell* claim. The fact that the *Monell* claim is based on an alleged policy is insufficient to establish that Jones' next of kin are "under threat of an actual and imminent injury in fact." *Schirmer*, 621 F.3d at 585. Even accepting that the City has a policy to ignore all medical needs of all detainees, Plaintiff does not allege that Jones' next of kin "have ever been threatened" with arrest or detention or that their arrest or detention "is likely" or even "remotely possible." *Schirmer*, 621 F.3d at 586. Nor does Plaintiff allege that Jones' next of kin suffer or are likely to suffer from any medical conditions that would require medical treatment should they be arrested and detained in the City. Without such allegations, Plaintiff's demand for injunctive relief fails for lack of standing. See, *e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-106 (1983) (holding that even if plaintiff alleged that "all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning" or that "the City ordered or authorized police officers to act in such manner," plaintiff would nonetheless lack standing to request injunctive relief against police officers' use of chokeholds, where he could not show that he had reason to expect to be arrested or subjected to chokehold again); *Otero v. Dart*, 2012 WL 5077727, at *5 (N.D. Ill. Oct. 18, 2012) (dismissing plaintiff's request to enjoin Cook County Jail's detention policy where plaintiff did not allege that he might be subjected to the policy in the future and, in any event, "such allegations would be highly speculative and too attenuated to establish standing").

Given the conclusion that Plaintiff lacks standing to seek injunctive relief, the Court finds it unnecessary to address Defendants' alternative argument that the need for injunctive relief is

mooted by the City's "ongoing efforts to formulate a consent decree that would encompass a wide range of police reforms."  [92] at 4.

In sum, Plaintiff's motion [85] is granted in part and denied it part.  It is denied to the extent that it seeks to add a request for injunctive relief on the *Monell* claim.  However, it is granted to the extent that it seeks to add a request for declaratory relief on the *Monell* claim, because the City does not oppose that part of Plaintiff's proposed amendment and "[w]hen a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive."  *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004); see *also Taylor v. Stewart*, 479 Fed. Appx. 10, 14 (7th Cir. 2012) (arrestee had standing in Section 1983 suit against arresting officers to bring claim for damages and declaratory judgment where he suffered an injury-in-fact traceable to officers' actions and damages and declaratory judgment would vindicate his rights).  Plaintiff's motion is also granted to the extent that it seeks to correct references to the types of expenses that Jones' estate incurred following his death.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion [85] for leave to file the FAC is granted in part and denied in part.  The Court orders Plaintiff, by October 30, 2017, to file a new FAC that is consistent with this opinion.

Dated:  October 23, 2017

_____
Robert M. Dow, Jr.
United States District Judge